JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

John Paul Rodgers

## DEFENDANTS

Jesse Crnkovic, in his personal capacity only, and Thomas Waters, in his personal capacity only

**(b)** County of Residence of First Listed Plaintiff   Chester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mette, Evans & Woodside
3401 N. Front Street
Harrisburg, PA 17110

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
June 4, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: State Police Barracks in Avondale, Chester County, Pennsylvania

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Paul Rodgers, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. _____ |
| | : | |
| Jesse Crnkovic, in his personal capacity | : | **JURY TRIAL DEMANDED** |
| only, and Thomas Waters, in his personal | : | |
| capacity only, | : | |
| | : | |
| Defendants. | : | |

### Complaint

Plaintiff John Paul Rodgers by undersigned counsel files this complaint against

Defendants Jesse Crnkovic and Thomas Waters, both in their personal capacities only.

### I. Parties

1.      Plaintiff John Paul Rodgers ("Rodgers") is an adult individual who was at all

relevant times a resident of West Marlborough Township, Chester County, Pennsylvania.

2.      Defendant Jesse Crnkovic ("Crnkovic") is an adult individual now or formerly

employed as a Trooper with the Pennsylvania State Police.

3.      Defendant Thomas Waters ("Waters") is an adult individual now or formerly

employed as a Trooper with the Pennsylvania State Police.

### II. Jurisdiction and Venue

4.      Jurisdiction is founded on 28 U.S.C. § 1331.

5.      Rodgers seeks relief under 42 U.S.C. § 1983 and attorney's fees under 42 U.S.C.

§ 1988.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because Chester County is the place where a substantial part of the events or omissions giving rise to Rodgers' claims occurred.

### III.  Facts

7.      On June 10, 2024, Crnkovic arrested Rodgers in connection with a traffic incident occurring in Chester County, Pennsylvania.

8.      Rodgers appeared by video conference before Magisterial District Judge Nancy Gill who preliminarily arraigned Rodgers and set bail at $25,000 unsecured, authorizing his immediate release.

9.      At approximately 2:15 p.m., Trooper Crnkovic approached Rodgers, who was being detained in a holding cell at the State Police Barracks in Avondale, Chester County, Pennsylvania.

10.     Crnkovic told Rodgers that he was being released and directed him to leave the holding cell.

11.     Rodgers – who is a double amputee from the knees down – replied that he couldn't leave without the assistance of his walker, which was not reachable from where he was sitting.

12.     Crnkovic then became enraged and physically attempted to force Rodgers to move, who was physically unable to walk without the assistance of his walker.

13.     A scuffle ensued as Rodgers tried to protect himself from Crnkovic's completely unwarranted aggression toward Rodgers who, as noted, was severely physically disabled.

14.     Crnkovic then *re-arrested* Rodgers and took him to the Chester County Prison where he was held overnight.

15. Later that day, Defendant Waters interviewed Crnkovic about the matter.

16. Crnkovic, who was angry, pushed Waters to file criminal charges against Rodgers for what he viewed as Rodgers's contumacy in refusing to move when ordered, despite Rodgers' inability to walk unassisted.

17. The charges were as follows,

    a. Aggravated Assault, 18 Pa.C.S. § 2702(a)(3) (F-3);

    b. Simple Assault, 18 Pa.C.S. § 2701(a)(1) (M-2); and

    c. Harassment, 18 Pa.C.S. § 2709(a)(1) (Summary).

18. A further charge of Disorderly Conduct, 18 Pa.C.S. § 5503(a)(1) (M-3) was later added.

19. On June 11, 2024, Waters filed a criminal complaint against Rodgers on the basis of information given to him by Crnkovic. A copy of the complaint is attached as Exhibit A.

20. Bail was set which Rodgers was able to post, and he was released from custody after having spent a night in jail.

21. Crnkovic's charges – formally filed by Waters at Crnkovic's insistence – were completely unsupportable on their face.

22. The charges against Rodgers were predicted on the absurd two-fold proposition that a) a prisoner who had just been released from custody by a judicial officer would for some reason *not* voluntarily leave detention when he could, and b) a double amputee could somehow have posed a physical threat to a uniformed, fully armed Pennsylvania State Police Trooper at Pennsylvania State Police barracks when, additionally, numerous other armed Troopers were on site at the time.

23. The basis for the charges was so weak that Crnkovic had even admitted to Waters in his pre-filing interview that he had not sustained any injuries at all.

24. Yet Waters filed the charges anyway, showing undue deference to the irrational story told to him by a fellow Trooper, even though Waters knew Crnkovic had not sustained any injuries and even though Waters knew that Rodgers was a double amputee who had just been released from custody immediately prior to incident Trooper Crnkovic complained of.

25. The charges of simple assault and aggravated assault filed against Rodgers both statutorily require proof of injury or attempt to cause injury. See 18 Pa.C.S. § 2701(a)(1), 2702(a)(3).

26. Both Crnkovic and Waters knew that Crnkovic had suffered no injury and that Rodgers had been under the circumstances incapable of attempting injury (being a double amputee in lock up at a Pennsylvania State Police barracks), yet filed the charges against Rodgers anyway.

27. Nether did probable cause exist to support the charges of harassment or disorderly conduct.

28. Rodgers' case was sent to the Chester County Court of Common Pleas and a criminal information filed. A copy of the information is attached as Exhibit B.

29. Unsurprisingly, the Chester County District Attorney's office wanted no part of presenting at trial the farcical factual predicate of the charges and *nolle prossed* them in their entirety before the matter ever went to a finder of fact.

30. Rodgers was subjected to extreme personal humiliation, embarrassment and loss of liberty during his arrest and incarceration and the duration of the criminal case, for which he must be compensated.

31. Both defendants acted with reckless or callous disregard of, or indifference to, Rodgers' rights and safety, for which punitive damages must be awarded.

## Count I
## False Arrest
## U.S. Const. Amend. IV

32. Crnkovic re-arrested Rodgers without probable cause immediately after Rodgers had been released from custody by Magisterial District Judge Gill

33. Crnkovic re-arrested Rodgers in the absence of a warrant or probable cause to believe that Rodgers had violated any law.

34. Crnkovic's seizure of Rodgers's body was unreasonable under the Fourth Amendment.

WHEREFORE, Plaintiff John Paul Rodgers prays the Court to ENTER JUDGMENT in his favor and against Defendant Crnkovic for nominal, compensatory and punitive damages for false arrest, and award attorney's fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

## Count II
## Excessive Force
## U.S. Const. Amend. IV

35. Crnkovic's re-arrest of Rodgers was implemented with the use of excessive force against him in violation of the Fourth Amendment.

36. Rodgers suffered unnecessary pain as a result of the unnecessary force Crnkovic used against him.

WHEREFORE, Plaintiff John Paul Rodgers prays the Court to ENTER JUDGMENT in his favor and against Defendant Crnkovic for nominal, compensatory and punitive damages for

use of excessive force, and award attorney's fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

**Count III**
**Malicious Prosecution**
**U.S. Const. Amend. IV**

37.     Waters lacked probable cause to file the charges of aggravated assault, simple assault, disorderly conduct and harassment against Rodgers.

38.     Waters acted with malice in commencing and maintaining the prosecution on the such charges against Rodgers in the absence of probable cause.

39.     Crnkovic acted with malice in inducing, encouraging and soliciting Waters to file the charges.

40.     Crnkovic is jointly and severally liable with Waters for malicious prosecution under the Fourth Amendment.[1]

---

[1] *See Sample v. Diecks*, 885 F.2d 1099, 1113 (3d Cir. 1989) ("One can be liable for one's own constitutional tort, that is, for 'subjecting' the plaintiff to the constitutional violation.  Or one can be liable, under appropriate circumstances, for someone else's constitutional tort, that is, for 'causing' the plaintiff to be subjected to the constitutional violation.").

WHEREFORE, Plaintiff John Paul Rodgers prays the Court to ENTER JUDGMENT in his favor and against Defendants Crnkovic and Waters, jointly and severally, for nominal, compensatory and punitive damages for malicious prosecution, and award attorney's fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

Respectfully submitted,

**METTE, EVANS & WOODSIDE**

By: _____

Aaron D. Martin
Pa. Atty. I.D. 76441
3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000
admartin@mette.com

*Attorneys for Plaintiff,*
*John Paul Rodgers*

Date: June 4, 2026.

EXHIBIT "A"

**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF: CHESTER**

**POLICE CRIMINAL COMPLAINT**
COMMONWEALTH OF PENNSYLVANIA
VS.

| | |
|---|---|
| Magisterial District Number: 15-4-04 | **DEFENDANT:** *(NAME and ADDRESS)* |
| MDJ Hon. SEAVEY, MATTHEW | |

**DEFENDANT:** *(NAME and ADDRESS)*

| JOHN | PAUL | RODGERS | |
|---|---|---|---|
| First Name | Middle Name | Last Name | Gen |

Address: 914 WEST CYPRESS STREET
KENNETT SQUARE, PA 19348

1331 NORTH CHATHAM RD,
COASTESVILLE, PA 19320

Telephone: (610) 455-1175

### NCIC Extradition Code Type

| NCIC Extradition Code Type  3 - FELONY SURROUNDING STATES | Distance |
|---|---|

### DEFENDANT IDENTIFICATION INFORMATION

| Docket Number CR-191-24 | Date Filed 6-11-24 | OTN/Live Scan Number E10056196 | Complaint Number J26D9WK04H | Incident Number PA 2024-767508 | Request Lab Services NO |
|---|---|---|---|---|---|

| Gender M | Date of Birth 06/11/1966 | POB PA - USA | | Add'l DOB | Co-Defendant? NO | |
|---|---|---|---|---|---|---|

| Defendant Also Known As | Defendant's First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|---|

| Race WHITE - W | Ethnicity NOT OF HISPANIC ORIGIN - N |
|---|---|

| Hair Color GRAY OR PARTIALLY GRAY - GRY | Eye Color GREEN - GRN |
|---|---|

| DNA NO | DNA Location | Weight 265 LBS |
|---|---|---|

| FBI Number 361060XA7 | MNU Number | Height 5' 10" |
|---|---|---|

| Defendant Fingerprinted YES | Fingerprint Classification |
|---|---|

### DEFENDANT VEHICLE INFORMATION

| Plate # | State | HazMat | Registration Sticker (MM/YY) | Commercial Vehicle? | School Veh. | Oth. NCIC Veh. Code | Reg. same as Def. NO |
|---|---|---|---|---|---|---|---|
| VIN | Year | Make | | Model | Style | Color | |

Office of the Attorney of the Commonwealth ☐ Approved ☐ Disapproved because:

(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. Pa.R.Crim.P.507.)

(Name of Attorney for Commonwealth - Please Print or Type)　　(Signature of Attorney for Commonwealth)　　(Date)

I, **TPR. THOMAS WATERS**
(Name of Affiant - Please Print or Type)

**668715/05311**
(PSP/MPOETC - Assigned Affiant ID Number & Badge #)

DISTRICT COURT

of **PENNSYLVANIA STATE POLICE, TROOP J, AVONDALE**
(Identify Department or Agency Represented and Political Subdivision)

**PAPSP0200**
(Police Agency ORI Number)

do hereby state: (check appropriate box)

JUN 11 2024

1. ☑ I accuse the above named defendant who lives at the address set forth above

☐ I accuse the defendant whose name is unknown to me but who is described as

15-4-04

☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have therefore designated as John Doe or Jane Doe.

with violating the penal laws of the Commonwealth of Pennsylvania at: **222**
(Subdivision Code)

**2 MOXLEY LANE, LONDON GROVE TWP**
(Place-Political Subdivision)

in **CHESTER** County **15** on or about **6/10/2024 AT APPROX. 16:15 HRS - 6/10/2024 AT APPROX. 16:15 HRS**
(County Code)　　(Offense Date)

AOPC 412A - Rev. 12/21

Page 1 of 4 **VIDEO ORIGINAL**

**000006**



## POLICE CRIMINAL COMPLAINT

| Docket Number | Date Filed 06/10/2024 | OTN/Live Scan Number E10056196 | Complaint Number J26D9WK04H | Incident Number PA 2024-767508 |
|---|---|---|---|---|
| Defendant Name | First JOHN | | Middle PAUL | Last RODGERS |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically

(Set forth a brief summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older | | | | |
|---|---|---|---|---|---|---|---|---|
| Lead? YES | Offense # 1 | Section 2702 | Subsection A3 | PA Statute (Title) 18 | Count 1 | Grade F2 | NCIC Offense Code 1312 | UCR/NIBRS |
| PennDOT DATA (if applicable) | | Accident Number | | Interstate Indicator NO | | Safety Zone NO | | Work Zone NO |

Statute Description (include the name of statute or ordinance):
AGGRAVATED ASSAULT - ATTEMPTS TO CAUSE OR CAUSES BI TO DESIGNATED INDIVIDUALS

Acts of the accused associated with this Offense:

IN THAT, on or about said date, THE DEFENDANT did attempt to cause or did intentionally or knowingly cause bodily injury to an enumerated person, namely Pennsylvania State Trooper Jesse CRNKOVIC, while in the performance of duty, that is to say THE DEFENDANT grabbed and pulled Trooper Jesse CRNKOVIC by his arm, in violation of Section 2702(a)(3) of the PA Crimes Code.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older | | | | |
|---|---|---|---|---|---|---|---|---|
| Lead? NO | Offense # 2 | Section 2701 | Subsection A1 | PA Statute (Title) 18 | Count 1 | Grade M2 | NCIC Offense Code 1399 | UCR/NIBRS |
| PennDOT DATA (if applicable) | | Accident Number | | Interstate Indicator NO | | Safety Zone NO | | Work Zone NO |

Statute Description (include the name of statute or ordinance):
SIMPLE ASSAULT

Acts of the accused associated with this Offense:

IN THAT, on or about said date, THE DEFENDANT did attempt to cause or did intentionally, knowingly or recklessly cause bodily injury to another. (Except as provided under section 2702 relating to aggravated assault.)

VIDEO ORIGINAL

AOPC 412A - Rev. 12/21



# POLICE CRIMINAL COMPLAINT

| Docket Number | Date Filed 06/10/2024 | OTN/Live Scan Number E10055196 | Complaint Number J26D9WK04H | Incident Number PA 2024-767508 |
|---|---|---|---|---|
| Defendant.Name | First JOHN | | Middle PAUL | Last RODGERS |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically

| Inchoate Offense ☐ | | Attempt 18 901 A | ☐ | Solicitation 18 902 A | ☐ | Conspiracy 18 903 | Number of Victims Age 60 or Older | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Lead? NO | Offense # 3 | Section 2709 | | Subsection A1 | | PA Statute (Title) 18 | Count 1 | Grade S | NCIC Offense Code 1399 | UCR/NIBRS |
| PennDOT DATA (if applicable) | | Accident Number | | | | | Interstate Indicator NO | Safety Zone NO | | Work Zone NO |

Statute Description (include the name of statute or ordinance):
HARASSMENT.- SUBJECT OTHER TO PHYSICAL CONTACT

Acts of the accused associated with this Offense:

IN THAT, on or about said date, THE DEFENDANT, with intent to harass, annoy or alarm another person, namely Trooper Jesse CRNKOVIC, did strike, shove, kick or otherwise subject such other person to physical contact, or did attempt or threaten to do the same: TO WIT; THE DEFENDANT did grab and pull Trooper Jesse CRNKOVIC by his arm, in violation of Section 2709(a)(1) of the PA Crimes Code.

add: 5503 (a)(1) - M3

GF    6/20/24





# POLICE CRIMINAL COMPLAINT

| Docket Number | Date Filed 06/10/2024 | OTN/Live Scan Number E10056196 | Complaint Number J26D9WK04H | Incident Number PA 2024-757508 |
|---|---|---|---|---|
| Defendant Name | Defendant's First Name JOHN | Middle Name PAUL | | Last Name RODGERS |

2.  I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3.  I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S.§4904) relating to unsworn falsification to authorities.

4.  This complaint consists of the preceding page(s) numbered 1 through 4

5.  I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statute cited.

(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)

_____6/10/24_____
(Date)

TPR _____ #534
(Signature of Affiant)

AND NOW, on this date, _____6-11-24_____ I certify that the complaint has been properly completed and verified.
An affidavit of probable cause must be completed before a warrant can be issued.

_____5-4-04_____
(Magisterial District Court Number)

_____
(Issuing Authority)

VIDEO ORIGINAL



## POLICE CRIMINAL COMPLAINT

| Docket Number | Date Filed 06/10/2024 | OTN/Live Scan Number E10066196 | Complaint Number J26D9WK04H | Incident Number PA 2024-767508 |
|---|---|---|---|---|
| Defendant Name | First JOHN | Middle PAUL | | Last RODGERS |

### AFFIDAVIT of PROBABLE CAUSE

Your Affiant is a member of the Pennsylvania State Police, Troop 'J' Avondale Station, Criminal Investigation Unit:

On 06/10/24 at approximately 1700 hours, I was contacted by Corporal Walter Crump with the PSP Avondale patrol unit regarding an assault that had occurred against Patrol Trooper Jesse CRNKOVIC (Victim) at the Avondale Station located at 2 Moxley Lane, London Grove Township, Chester County, PA. This incident occurred at approximately 1415 hours. The Defendant was identified as John Paul RODGERS who was currently in custody at PSP Avondale for an unrelated incident being investigating by Trooper CRNKOVIC.

On 06/10/24 at approximately 1732 hours, I interviewed Trooper CRNKOVIC at PSP Avondale. Trooper CRNKOVIC related that RODGERS had been arrested earlier in the day following a road rage incident involving a firearm. RODGERS preliminary hearing took place over a video conference call in relation to the criminal charges from the road rage incident and his bail was set to $25,000.00 unsecured. Trooper CRNKOVIC advised RODGERS that he was going to be released from custody and placed into the lobby of PSP Avondale. CRNKOVIC removed the handcuff from RODGERS left wrist which had him secured to the wall in the prisoner holding room. RODGERS refused to stand up and be escorted out of the building after multiple commands from CRNKOVIC. CRNKOVIC advised RODGERS if he was refusing to leave the building and remain in the prisoner holding room then the handcuff would need to be placed back on his wrist. RODGERS was seated at the time in the corner of the holding room. CRNKOVIC then attempted to put RODGERS left wrist back into the handcuff which was still affixed to the wall. While doing so, RODGERS grabbed CRNKOVIC by his left wrist with both hands and pulled Trooper CRNKOVIC towards him causing CRNKOVIC to lose his balance fall onto him. CRNKOVIC was able to regain control and get himself back upright, securing RODGERS wrist in the handcuff. Multiple Troopers responded into the prisoner holding room after hearing the commotion to check on CRNKOVIC. Following the incident CRNKOVIC advised Corporal CRUMP who was the supervisor on duty of what had occurred.

I, TPR. THOMAS WATERS_____ BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAN NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

TPR _____ #5341

(Signature of Affiant)

Sworn to me and subscribed before me this _____ day of _____

_____ Date _____ , Magisterial District Judge

My commission expires first Monday of January,

VIDEO ORIGINAL

AOPC 411C - Rev. 12/21

Page 1 of 2



## POLICE CRIMINAL COMPLAINT

### AFFIDAVIT CONTINUATION PAGE

| Docket Number | Date Filed 06/10/2024 | OTN/Live Scan Number E10056196 | | Complaint Number J26D9WK04H | Incident Number PA 2024-767508 |
|---|---|---|---|---|---|
| Defendant Name | First JOHN | | Middle PAUL | | Last RODGERS |

### AFFIDAVIT of PROBABLE CAUSE CONTINUATION

The prisoner holding room at PSP Avondale is monitored and recorded by Video which is available for review. The video capturing the incident was reviewed and corroborated with the statement provided by Trooper CRNKOVIC.

Based on the above aforementioned facts, your affiant respectfully requests that the Defendant answer to these criminal charges:

TPR _____ #5311

(Signature of Affiant)

EXHIBIT "B"

TP                                                                JULY 15, 2024

IN THE COURT OF COMMON PLEAS
COUNTY OF CHESTER

COMMONWEALTH OF PENNSYLVANIA          CRIMINAL ACTION NO. CR-0001905-24
                                      OTN: E-1005619-6

VS.

JOHN PAUL RODGERS

The District Attorney of Chester County, by this INFORMATION charges:

FIRST COUNT:
**AGGRAVATED ASSAULT**
That on or about JUNE 10, 2024, the defendant above named in the County aforesaid and within the jurisdiction of this Court, did

(3) attempt to cause or intentionally or knowingly caused bodily injury to TROOPER JESSE CRNKOVIC who was an officer, agent, employee or other person enumerated in 18 Pa. C.S.A. § 2702(c) in the performance of duty

Citation:  18 Pa. C.S.A. Section 2702 (a) (3)

Grading: F2

SECOND COUNT:
**SIMPLE ASSAULT**
That on or about JUNE 10, 2024, the defendant above named in the County aforesaid and within the jurisdiction of this Court, did

(1) attempt to cause, or intentionally, knowingly or recklessly caused, bodily injury to TROOPER JESSE CRNKOVIC

Citation: 18 Pa. C.S.A. Section 2701 (a) (1)

Grading: M2

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

_____
Attorney for the Commonwealth
By:
_____
Assistant District Attorney  000001

Page 1 of 2

THIRD COUNT:
## DISORDERLY CONDUCT
That on or about JUNE 10, 2024, the defendant above named, in the County aforesaid, and within the jurisdiction of this Court did, with intent to cause substantial harm or serious public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, or after reasonable warning or request to desist

(1) engage in fighting or threatening, or in violent or tumultuous behavior

Citation:  18 Pa. C.S.A. Section 5503 (a) (1)

Grading: M3

FOURTH COUNT:
## HARASSMENT
That on or about JUNE 10, 2024, the defendant above named in the County aforesaid and within the jurisdiction of this Court with intent to harass, annoy or alarm another person:

(1)  struck, shoved, kicked or otherwise subjected him to physical contact, or attempted or threatened to do the same

Citation:  18 C.P.S.A., Section 2709 (a) (1)

Grading: S

*All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.*

Attorney for the Commonwealth.
By:

Assistant District Attorney

Page 2 of 2

**000002**

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: _____

Signature: _____

Name: Kathleen C Wright

Attorney No. (if applicable): 90373

## FINES AND COSTS:

The Chester County Court of Common Pleas requires that all criminal defendants who plead guilty or who are found guilty must pay, in full, all fines and costs on the day the defendant is sentenced. Fines and costs may vary depending upon the number and type of charges. The Collection Unit of the Adult Probation Department does accept Visa, MasterCard, and ATM transactions.

I acknowledge that I have received and read the above Notice to Defendant on

_6/21/24_

Date

_____
Signature of Defendant

## NOTICE OF CONSOLIDATION

Notice is hereby given pursuant to Pa.R.Crim.P. 582 that the District Attorney of Chester County intends to try the following cases together in a single joint trial.

\# _____     \# _____     \# _____

\# _____     \# _____     \# _____

\# _____     \# _____     \# _____

I acknowledge that I have received and read the above Notice of Consolidation on

_____

Date

_____
Signature of Defendant

_____
Deborah S. Ryan
District Attorney of Chester County.

*{Revised January 2020}*

**000004**